**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HONOR AMERICA CAPITAL LLC**<br>1626 K Street NW<br>Washington, DC 20016<br>**Plaintiff**,<br><br>v.<br><br>**NICOLAS PUECH**<br>Chemin d'Eysins 47<br>1260 Nyon, Switzerland<br><br>and<br><br>**BORYSTHENE LLC**<br>c/o Nicolas Puech<br>Chemin d'Eysins 47<br>1260 Nyon, Switzerland<br>**Defendants** | **Civil Action No. _____** |

**COMPLAINT FOR BREACH OF CONTRACT,**
**SPECIFIC PERFORMANCE, AND DAMAGES**

**Plaintiff Honor America Capital LLC ("Honor America"),** by and through undersigned counsel, alleges as follows against Defendants **Nicolas Puech** ("Puech") and **Borysthene LLC**:

## I. NATURE OF THE ACTION

1. This action arises from Defendants' failure to deliver 6,082,615 shares of Hermes International S.A. (the "Shares"), trading at $270.89 per share, under a stock purchase agreement dated February 10, 2025 (the "Agreement"), attached hereto as **Exhibit A**.

2. Despite repeated assurances of performance, Defendants repudiated the contract on March 19, 2025, causing significant financial and reputational harm to Honor America, which had secured funding and arranged onward sales of the Shares.

1

3. Plaintiff seeks specific performance of the Agreement and/or damages in excess of **$1.3 Billion**, the exact amount to be proven at trial.

## II.     JURISDICTION AND VENUE

4. This Court has **diversity jurisdiction** under 28 U.S.C. § 1332, as Plaintiff is a District of Columbia limited liability company and Defendants are a foreign national and a Delaware entity, and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court under **Section 9(b)** of the Agreement, which provides that disputes arising from the Agreement shall be adjudicated in the **courts of the District of Columbia**, and under 28 U.S.C. § 1391.

## III.     PARTIES

6. Plaintiff **Honor America Capital LLC** is a limited liability company organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C.

7. Defendant **Nicolas Puech** is an individual residing in Switzerland and was, at all relevant times, the controlling party in interest of the Hermes shares subject to the Agreement.

8. On information and belief, Defendant **Borysthene LLC** is a Delaware business entity affiliated with or under the control of Nicolas Puech for the purpose of holding and delivering the Shares to Plaintiff pursuant to the Agreement.

## IV.     FACTUAL ALLEGATIONS

9. On **February 10, 2025**, Plaintiff Honor America and Defendant Puech entered into a binding stock purchase agreement (the "Agreement") under which Defendant Puech agreed to

sell, and Plaintiff agreed to purchase, **6,082,615 shares of Hermes International**, listed on Euronext Paris under ISIN FR0000052292.

10. The Agreement modified and superseded a prior memorandum of understanding dated November 24, 2024. Pursuant to the Agreement, **time was of the essence** and the closing was to be held promptly.

11. On **February 27, 2025**, Plaintiff issued a formal notice confirming its **readiness to effectuate a closing of** the transaction, having completed all arrangements, including obtaining a full funding commitment. A true and correct copy of Plaintiff's February 27 letter is attached as **Exhibit B**.

12. Defendant responded by confirming that he would be in a position to perform his obligation to deliver the Shares at a closing to be held on March 3, 2025.  However, on **March 3, 2025**, Defendant requested to **postpone the closing** until March 10, 2025. Plaintiff agreed to this postponement and confirmed the new closing date. A true and correct copy of Plaintiff's March 3 letter is attached as **Exhibit B**. On March 10, Defendant asked for another postponement of the closing date until March 12, 2025. However, on March 12, 2025, Defendant requested yet another postponement of the closing until March 14, 2025. On the appointed day, Plaintiff was again ready, willing and able to close, but Defendant did not deliver the Shares.

13. On **March 19, 2025**, Defendant Puech, through counsel, advised that he would **not perform under the Agreement**, stating that further postponement was futile and that **Defendants could not deliver the Shares** at any future closing date. A true and correct copy of the March 19 letter is attached as **Exhibit D**.

14. Defendants' conduct was an **anticipatory repudiation** and/or **material breach** of the Agreement.

15. At all times, Plaintiff **fully performed or stood ready to perform** all obligations under the Agreement, including tendering the full purchase price.

16. Plaintiff had secured **pre-allocations for 85% of the Shares** to be sold onward to international purchasers, in reliance on Defendants' commitment, and had incurred substantial reputational, financial, and opportunity costs in reliance on the closing.

## V.     CLAIM FOR BREACH OF CONTRACT

17. Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

18. The Agreement is a valid, binding, and enforceable contract.

19. Plaintiff has performed all of its obligations under the Agreement or was ready, willing, and able to do so.

20. Defendants breached the Agreement by failing to deliver the Shares and refusing to proceed with closing.

21. As a direct and proximate result of Defendants' breach, Plaintiff has suffered and will continue to suffer **substantial damages**, including lost profits, opportunity costs, and reputational harm.

22. Plaintiff is entitled to an award of **damages in an amount to be proven at trial**, and **believed to exceed U.S. $1.3 Billion**, as well as **specific performance** compelling Defendants to deliver the agreed shares in accordance with the Agreement.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

A. **Specific performance** of the February 10, 2025 Agreement, including delivery of the Shares;

B. **Damages** in an amount to be proven at trial, believed to exceed **$1,300,000,000**;

C. **Pre- and post-judgment interest** as allowed by law;

D. **Attorneys' fees and costs** incurred in connection with this action; and

E. Such other and further relief as the Court may deem just and proper.

**Respectfully submitted,**
Dated: Monday, March 31, 2025

MIZENE PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: 202/670-0529
Email: jz@mizene.us

By: _____//s//_____
Jamil Zouaoui, Esq.
Attorney for Plaintiff Honor America Capital LLC